**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Philip Andra GRIGSBY, Defendant-**
**Appellant.**

No. 16-3327

United States Court of Appeals,
Tenth Circuit.

Filed April 25, 2017

---

James A. Brown, Tanya Sue Wilson, Office of the United States Attorney, District of Kansas, Topeka, KS, Annette B. Gurney, Jason W. Hart, Office of the United States Attorney, District of Kansas, Wichita, KS, for Plaintiff-Appellant

Philip Andra Grigsby, Pro Se

Before KELLY, BALDOCK, and BRISCOE, Circuit Judges.

## ORDER AND JUDGMENT [*]

Mary Beck Briscoe Circuit Judge

As part of his criminal sentence, Philip Andra Grigsby owes $140,000 in restitution. On March 17, 2016, the district court ordered that a certain union retirement account be liquidated and its proceeds be paid into the court registry for application to that restitution obligation. Mr. Grigsby's appeal from that decision was assigned appeal No. 16-3061. While No. 16-3061 was pending, Mr. Grigsby moved the district court to "hold the monies ... for the duration of the judicial process." R. at 46. He stated that if he lost in No. 16-3061, he would "file a request for reconsideration, a writ of certiorari, and a motion for rehearing, utilizing the complete judicial process." *Id.* On October 28, 2016, the district court noted that it had already ordered the monies be held in the court's registry pending the appeal and denied the motion as superfluous and moot. Mr. Grigsby now appeals the October 28 denial order.[1]

After Mr. Grigsby filed this appeal, this court affirmed in No. 16-3061. *See United States v. Grigsby*, 665 Fed.Appx. 701, 708 (10th Cir. 2016). We then denied rehearing on January 10, 2017, and issued the mandate on January 18, 2017. Mr. Grigsby's time to file a petition for a writ of certiorari has expired, and there is no indication that he did in fact file such a petition. Accordingly, the appeal process for No. 16-3061 is concluded. It follows that Mr. Grigsby's request for the district court to retain the union-account funds in the court registry pending the entire appeal process in No. 16-3061 is moot.

Mr. Grigsby's motion to supplement the record on appeal is denied. This appeal is dismissed as moot.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

1. Under Fed. R. App. P. 3(c)(1)(B), we can review only the order or orders listed in the notice of appeal. *See also Smith v. Barry*, 502 U.S. 244, 248, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992) ("Rule 3's dictates are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review."). Because the notice of appeal identified only the October 28 denial order, we do not address arguments arising out of subsequent orders or decisions by the district court, such as the denial of Mr. Grigsby's motion to recuse.